**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____
                                        :

63 NOBE MORTGAGE INVESTORS,  :
LLC                                        :
                                          :

        Plaintiff,               :      Civil Action No. 3:08-cv-4129-FLW
                                          :

            v.                     :
                                          :

63 NORTH BEACH, LLC;         :
63 EAST NOBE, LLC;           :
ARTHUR SCHEINHOLZ;         :
LEONARD EDELMAN          :
                                        :          **OPINION**
        Defendants.           :
                                          :
_____ :

**Wolfson, United States District Judge**:

    Presently before the Court is a Motion for Summary Judgment brought by Plaintiff 63 Nobe

Mortgage Investors, LLC ("Plaintiff") to recover money owed by Defendants 63 North Beach,

LLC; 63 East Nobe, LLC (collectively "LLC Defendants"); Arthur Scheinholz; and Leonard

Edelman (collectively "Defendants"). LLC Defendants' debt arises from a promissory note

issued to Plaintiff in exchange for a commercial loan of $1,900,000; Scheinholz and Edelman

were guarantors on the loan on which LLC Defendants defaulted in 2008. For the following

reasons, Plaintiff's Motion for Summary Judgment is granted.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

    LLC Defendants maintain their  principle places of business in Sunrise, Florida. Defendants

Scheinholz and Edelman reside in Florida as well. Plaintiff is a limited liability company

incorporated in New Jersey which maintains its principle place of business in Eatontown, New

Jersey.  On September 10, 2004, LLC Defendants executed and delivered a Secured Promissory

Note (the "Note")  See Certification of William P. Higgins, Jr. ("Higgins Certif."), October 16,

2008, Exhibit A, Secured Promissory Note. In exchange for the Note, Plaintiff loaned LLC

Defendants $1,900,000.  Plaintiff's Statement of Undisputed Material Facts ¶3.   Plaintiff

describes the loan to LLC Defendants as a commercial loan.  Id. ¶2.  In addition, the loan called

for an interest rate upon default of 25% per annum. Plaintiff's Amended Complaint ¶3. The

Guarantors, Scheinholz and Edelman, executed two separate Guaranty Agreements dated

September 10, 2004, see Higgins Certif., Exhibits B and C, Guaranty Agreements, to secure

payment of the Note. The terms of the Note and Guaranty Agreements expressly state that New

Jersey law will govern the terms of the agreements.  See Higgins Certif., Exs. A, B, and C.  The

maturity date for the Note was extended on three separate occasions, the final extension

evidenced by a Note and Mortgage Modification Agreement, see Higgins Certif., Ex.D, Third

Note and Mortgage Modification Agreement.  The final maturity date was set for July 9, 2008.

Plaintiff's Statement of Undisputed Material Facts ¶6.

     According to Plaintiff, LLC Defendants failed to timely pay an interest payment scheduled

for March 7, 2008, triggering a 5% late payment penalty in accordance with the Note. Plaintiff's

Undisputed Statement of Material Facts ¶7.  Again, on June 9, 2008, LLC Defendants failed to

remit payment of another scheduled interest payment.  Id. ¶8.  Finally, Plaintiff notified LLC

Defendants they were in default by way of written notice on July 9, 2008.  Id.  Sheinholz and

Edelman, too, are in default of their Guaranty Agreements.  Id. ¶9.  Plaintiff now claims, due to

interest and penalties, Defendants owe 3,044,507.95.  Id. ¶10.

Plaintiff filed this action in the New Jersey Superior Court, Monmouth County Vicinage, on August 5, 2008.  Pursuant to 28 U.S.C. § 1446,  Defendants removed Plaintiff's Complaint[1] to United States District Court for the District of New Jersey on August 18, 2008.   Defendants claim removal is proper pursuant to 28 U.S.C. § 1332 because (1) the amount in controversy exceeds $75,000; and (2) Plaintiff is a resident of New Jersey while all Defendants reside in Florida.  On September 26, 2008, Defendants filed an Answer, admitting the Note was executed and was in default, but contesting Plaintiff's interpretation of the Note and its terms.  In addition, Defendants asserts several affirmative defenses in their Answer, including usury, breach of the obligation of good faith and fair dealing, estoppel, illegality, unconscionability, lack of personal jurisdiction, and improper venue. Plaintiffs filed this Motion for Summary Judgment on October 16, 2008, to which Defendants failed to file opposition.  For the following reasons, Plaintiff's Motion for Summary Judgment is granted.

## II. DISCUSSION

### A.  Standard of Review

Summary judgment is appropriate where the Court is satisfied "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317 330 (1986). A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Disputes over irrelevant or unnecessary facts will

---

[1]In its Notice of Removal, Defendants included a copy of Plaintiff's Amended Complaint which asserts one count for enforcement of the Note. However, Defendants' Answer seems to address Plaintiff's original Complaint as it asserts answers to two counts.  The Court will however, only address Defendants' responses to the only count asserted in Plaintiff's Amended Complaint.

not preclude a grant of summary judgment.  Id. The burden of establishing that no "genuine

issue" exists is on the party moving for summary judgment.  Celotex, 477 U.S. at 330.  Once the

moving party satisfies this initial burden, the non-moving party "must set forth specific facts

showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  To do so, the non-moving

party must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to

interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine

issue for trial.'"  Celotex, 477 U.S. at 324.  In other words, the non-moving party must "do more

than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec.

Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); see also Ridgewood Bd. of Ed. v.

Stokley, 172 F.3d 238, 252 (3d Cir. 1999). A genuine issue of material fact is one that will

permit a reasonable jury to return a verdict for the non-moving party. Anderson, 477 U.S. at 248.

In evaluating the evidence, a court must "view the inferences to be drawn from the underlying

facts in the light most favorable to the [non-moving] party." Curley v. Klem, 298 F.3d 271, 276-

77 (3d Cir. 2002) (citations omitted).

        However, if a non-movant fails to oppose the motion, Rule 56(e) provides that the Court

may grant the motion for summary judgment "if appropriate." See, e.g., Anchorage Assocs. v.

V.I. Bd. of Tax Review, 922 F.3d 168, 175 (3d Cir. 1990); Damiano v. Sony Music Entm't, 975

F. Supp. 623, 627 (D.N.J. 1996) (granting summary judgment motion because plaintiff's

argument was unopposed, and thus no genuine issue of material fact was created). The motion is

appropriately granted when the movant is entitled to judgment as a matter of law.  Anchorage

Assocs., 922 F.2d at 175.  When "the non-moving party fails to oppose the motion for summary

judgment by written objection, memorandum, affidavits and other evidence, the Court will accept

4

as true all material facts set forth by the moving party with appropriate record support." Carp v. IRS, No. 00-5992, 2002 WL 373448, at *2 (D.N.J. Jan. 28, 2002) (quoting Anchorage Assocs., 922 F.2d at 175). Even if a record contains facts that might provide support for a non-movant's position, "the burden is on the [non-movant], not the court, to cull the record and affirmatively identify genuine, material factual issues sufficient to defeat a motion for summary judgment." Morris v. Orman, No. 87-5149, 1989 WL 17549, at *8 (E.D.Pa. March 1, 1989) (citing Childers v. Joseph, 842 F.2d 689 (3d Cir. 1988); see also Atkinson v. City of Phila., No. 99-1541, 2000 WL 793193, at *5 n.8 (E.D.Pa. June 20, 2000).

**B. Defaulted Promissory Note**

Plaintiff asserts that LLC Defendants owe over $3,044,507.95 as a result of the defaulted Note, accumulated interest, and contractual penalties. In addition, Plaintiff asserts that Scheinholz and Edelman, as Guarantors, are jointly and severally liable for the aforementioned amount. A party seeking to enforce a promissory note on a motion for summary judgment may carry its burden under Fed. R. Civ. P. 56 by introducing copies of the negotiable instrument and other relevant documents. See United States v. Considine, No. 06-6118, 2008 WL 4723030, at *2 (D.N.J. Oct. 24, 2008) (finding that the plaintiff had satisfied its burden under Fed. Civ. P. 56(e) in action to collect defaulted student loans by providing copies of the defendant's signed promissory notes). Alternatively, summary judgment is appropriate where a debtor admits in its answer that a promissory note existed and it is in default, even though the debtor raises affirmative defenses, such as fraudulent inducement or unconscionability. Kurz-Kasch, Inc. v. Holtzberg, No. 05-519, 2006 WL 561918, at *3 (D.N.J. Mar. 7, 2006) (finding that because "[Defendant] has conceded that he signed the note, received the money, and acknowledged that

5

he is liable for repayment," summary judgement in favor of creditor was appropriate.").

In support of its motion, Plaintiff provides a copies of several pertinent documents, including: (1) the secured promissory note signed by Scheinholz and Edelman, on behalf of LLC Defendants, (2) the guaranty agreements signed by Scheinholz and Edelman, guaranteeing payment of the loan made to LLC Defendants in case of default, and (3) the third note and mortgage modification agreement that extended the maturity date of the loan till July 9, 2008. Furthermore, although all Defendants assert several affirmative defenses in their Answer, all Defendants concede a promissory note was executed and signed by Edelman and Scheinholz on behalf of LLC Defendants and that, in fact, the loan is in default.  Scheinholz and Edelman also admit that they are guarantors pursuant to the Guaranty Agreements introduced in consideration of this Motion.

Moreover, because Defendants do not contest this Motion, this Court is left with only Defendants' affirmative defenses, but not a denial that an amount is due; vague affirmative defenses are insufficient to create a question of material fact. United States v. Hargrove, No. 06-1059, 2007 WL2811832, at *2 (E.D.Pa. September 24, 2007); Trap Rock Indus., Inc. v. Local 825, Int'l Union of Operating Engr'rs., 982 F.2d 884, 890 (3d Cir.1992) (determining a non-movant cannot merely rely on vague denials and general allegations to create an issue of material fact in a motion for summary judgment). Notwithstanding the insufficiency of this denial, coupled with Defendants' admissions in their Answer,  Plaintiff provides extensive documentation confirming the amount Plaintiff seeks in this matter. First, Plaintiff provides the actual promissory note that outlines the original loan amount, $1,900,000, and the various interest rate payments applicable at different times over the course of the loan, and the terms of

6

any penalties applicable in the case of missed interest payments.  Second, Plaintiff provides the

Guaranty Agreements of Edelman and Scheinholz, demonstrating that both agreed to be

secondarily liable for the debts of LLC Defendants.   As stated supra, Defendants may not rest on

their vague denials and affirmative defenses in opposition to a motion for summary judgment,

but rather, must demonstrate through affidavits and other evidence, there is a disputed issue of

material fact.  Accordingly, the Court grants Defendant's Motion for Summary Judgment.


**III. CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Summary Judgment is **GRANTED**.


Dated January 13, 2009                                    /s/ Freda L. Wolfson_____
                                                          Freda L. Wolfson, U.S.D.J.